UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| K2 Pure Solutions, LP, | ) | CASE NO.  5:12CV2558 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| Imtiaz Khan, et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) ) | (Resolves Doc. 25) |

Pending before the Court is Defendants' motion to dismiss this matter for lack of personal jurisdiction or in the alternative transfer the matter for improper venue. The motion to TRANSFER is GRANTED. This matter is hereby transferred to the Northern District of California.

I.     STATEMENT OF FACTS

Plaintiff K2 Pure Solutions manufactures and distributes bleach, caustic soda, and other chlor-alkali related products. On November 19, 2007, Defendant Imtiaz Khan entered into an employment agreement with K2. The agreement included a non-compete provision and a confidentiality provision. On April 9, 2008, Defendant Neelesh Shah entered into a virtually identical employment agreement with K2. In August of 2012, Khan terminated his employment with K2 and began work with Molycorp. In October of 2012, Shah terminated his employment and also began work with Molycorp.

On October 12, 2012, K2 filed this action and sought a temporary restraining order, contending that Defendants' employment with Molycorp is in direct violation of their non-compete covenants. Defendants responded by moving to dismiss or in the alternative transfer

this matter to the Northern District of California. K2 has opposed the motion to dismiss while also indicating that it would agree to a transfer of the matter. Defendants, however, contend that since this Court lacks jurisdiction over them, the matter cannot be transferred. The Court now resolves the pending motion.

## II.     LEGAL STANDARD

This Court applies Ohio law in determining whether it may exercise jurisdiction over Defendants. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)). The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*

K2 bears the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, the plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the

plaintiff. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

> Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:
>
> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> …
>
> (2) Contracting to supply services or goods in this state[.]

Upon review, the Court finds that the exercise of personal jurisdiction in this matter is a close call. However, viewing the evidence in a light most favorable to K2, the exercise of jurisdiction is proper.

### III.   ANALYSIS

There is no dispute that Defendants both resided in Ohio when they entered into their employment agreements with K2. Moreover, there is no dispute that Defendants performed work for K2 while residing in Ohio. Further, there is no dispute that the instant complaint arises from the contract that was entered into in Ohio. From those facts, the Court finds that specific jurisdiction exists over Defendants.

Defendants appear to contend that since both have moved to the state of California that personal jurisdiction no longer exists over them in Ohio. However, Defendants effort to take a snapshot of jurisdiction at the time of the filing of the complaint does not comport with existing precedent. Rather, the Court must examine the totality of Defendants' contacts with the state of Ohio. These include the fact that Khan lived and worked in Ohio for K2 from 2007 until June of 2009, and that Shah lived and worked in Ohio for K2 from 2007 through July of 2011. Included

in the complaint are also allegations that Shah and Khan are improperly using confidential information learned during their employment – including the time span that they worked in Ohio. Based upon the totality of those facts, the Court finds that due process would not be violated if Khan and Shah were required to appear before an Ohio court.

However, the Court is also aware of K2's agreement to transfer this matter. Moreover, the Court's review finds that transfer is proper. While Defendants initially worked in Ohio, their contracts clearly contemplated that they would ultimately work in California. The work that they did perform in Ohio was directed toward ultimately building a facility in California. And finally, any alleged breach of the agreement occurred in California. As such, the Northern District of California is very clearly the more appropriate venue to hear and decide this matter.

## IV. CONCLUSION

Defendants' motion to transfer venue is GRANTED. This matter is hereby transferred to the Northern District of California.

IT IS SO ORDERED.


Date: December 17, 2012            /s/ John R. Adams
                                   Judge John R. Adams
                                   UNITED STATES DISTRICT COURT